UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JERRY GLENN THOMPSON, JR.,

                Petitioner,

    v.

PATRICK GLEBE,

                Respondent.

NO. C15-1428-JLR-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION

Petitioner, a state prisoner proceeding *pro se*, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254, in August 2015. He challenges a 2004 conviction and sentence for 10 counts of First Degree Robbery and five counts of First Degree Kidnapping. *See* Dkt. 1. Upon screening, it appeared that this action is barred by the one-year statute of limitations that applies to § 2254 habeas actions. *See* 28 U.S.C. § 2244(d)(1). Accordingly, the Court declined to serve the petition and ordered petitioner to show cause why this matter should not be dismissed with prejudice. Petitioner filed a response to the show cause order. Dkt. 9. Having considered petitioner's submissions, the balance of the record, and the governing law, the Court recommends that petitioner's habeas petition be denied as time barred, this action be dismissed with prejudice, and a certificate of appealability be denied.

REPORT AND RECOMMENDATION - 1

DISCUSSION

The one-year limitations period in § 2254 habeas actions starts to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

In this case, the only applicable trigger for the statute of limitations is the date on which the judgment became final on direct review or the expiration of the time for seeking such review. The period for direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). According to petitioner, his judgment and sentence became final on direct appeal on April 18, 2008.[1] Dkt. 9 at 2; *see also* Dkt. 1-3 at 55. Petitioner had 90 days, or until July 17, 2008, to file a petition for certiorari. *See* Rules 13.1 & 13.3 of the Rules of the Supreme Court of the United States. Because petitioner did not file a

---

[1] The record does not establish whether April 18, 2008, was the date the Washington Supreme Court denied petitioner's petition for review or the date the state court mandate issued. In most cases, this information is important because the time for filing a petition for certiorari begins to run after the denial of a petition for review, not the issuance of the state court mandate. *See* Rules 13.1 & 13.3 of the Rules of the Supreme Court of the United States. But here, petitioner's habeas petition is untimely regardless of what occurred on April 18, 2008. Therefore, the Court's analysis proceeds with the assumption most favorable to petitioner—that his petition for review was denied on April 18, 2008.

REPORT AND RECOMMENDATION - 2

petition for certiorari, the one-year statute of limitations began to run the following day, July 18, 2008. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). The statute expired 365 days later on July 19, 2009.

In response to the order to show cause, petitioner argues that the statue of limitations did not begin to run until after his personal restraint petition became final in 2015. Dkt. 9 at 2-3. Petitioner is mistaken. Although a properly filed collateral state challenge to the pertinent judgment or claim tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), petitioner did not file his personal restraint petition until well after the statute of limitations had already expired. Therefore, the filing of his personal restraint petition does not affect the statute of limitations, which began to run following his direct appeal.

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis deleted). In other words, equitable tolling may be appropriate when external forces, rather than a petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner's *pro se* status, ignorance of the law, or lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) ("It is clear that *pro se* status, on its own, is not enough to warrant equitable tolling."); *Raspberry v. Garcia*, 448 F.3d

REPORT AND RECOMMENDATION - 3

1150, 1154 (9th Cir. 2006) (holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone").  Petitioner makes no showing that he is entitled to equitable tolling of the federal statute of limitations.

There is also an equitable exception to the statute of limitations for a credible showing of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).  This exception, otherwise known as the miscarriage of justice exception, presents a "demanding" standard, *id.* at 1936, that is not satisfied unless the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt," *id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  Petitioner makes no credible showing of newly discovered evidence that satisfies the *Schlup* standard.

In sum, it is apparent on the face of petitioner's habeas petition that this action is time barred, and petitioner makes no claim that establishes equitable tolling or actual innocence. Accordingly, his habeas petition should be denied.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, the Court concludes that

REPORT AND RECOMMENDATION - 4

petitioner is not entitled to a certificate of appealability with respect to any of the claims asserted in this action.

## CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED as time barred and this action be DISMISSED with prejudice.  The Court further recommends that a certificate of appealability be DENIED with respect to all claims asserted in this action.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 22, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 23, 2015.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 1st day of October, 2015.

/s/ James P. Donohue
JAMES P. DONOHUE
Chief United States Magistrate Judge